## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **In re:** | : | **Jointly Administered** |
| | : | **Case No.  02-10429 (JKF)** |
| **KAISER ALUMINUM CORPORATION,** | : | |
| **a Delaware corporation, et al.,** | : | **Chapter 11** |
| | : | |
| **Debtors.** | : | **Hearing Date:  1/18/05** |
| | : | **Re: Docket No. 5003;** |
| | : | **Agenda Item 1** |

## MODIFIED  ORDER (A) APPROVING A SETTLEMENT AGREEMENT WITH THE PENSION BENEFIT GUARANTY CORPORATION AND (B) DISMISSING THE OBJECTION OF LAW DEBENTURE TRUST COMPANY OF NEW YORK TO THE PENSION BENEFIT GUARANTY CORPORATION'S PROOFS OF CLAIM (D.I. 5003)

This matter coming before the Court on the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for an order, pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 105, 502 and 503 of the Bankruptcy Code, 11 U.S.C. §§ 101-1330 (the "Bankruptcy Code"), (a) approving a settlement agreement with the Pension Benefit Guaranty Corporation; and (b) dismissing the objection of Law Debenture Trust Company of New York (D.I. 5003) to the Pension Benefit Guaranty Corporation's proofs of claim; the Court having reviewed the Motion and other pleadings related thereto, having heard the statements and arguments of counsel regarding the relief requested in the Motion and having reviewed the declarations of various witnesses and the exhibits introduced by the parties, and heard cross-examination and rebuttal testimony at a hearing before this Court on January 18, 2005 (the "Hearing"); the Court finding that:  (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); (c) notice of the Motion and Hearing was sufficient under the circumstances; (d) the relief requested is appropriate under Bankruptcy Rule 9019 and under sections 105, 502 and 503 of the Bankruptcy Code; the Court

CHI-1459762v1

hereby adopting and incorporating by reference herein its findings made on the record at the

*and on Jan 24, 2005,*

conclusion of the Hearing; and the Court having determined that the legal and factual bases set

forth in the Motion establish just cause for the relief granted herein in that the Settlement

Agreement between the Debtors and the Pension Benefit Guaranty Corporation ("PBGC") is in

the best interests of the Debtors' estate.

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED;

2.      Capitalized terms not otherwise defined herein have the meanings given to

them in the Motion.

3.      The Settlement Agreement is approved.

4.      The PBGC shall have an allowed administrative claim against all Debtors

other than Alpart Jamaica Inc. and Kaiser Jamaica Corporation in the amount of $14 million.

5.      The PBGC shall have an allowed unsecured claim for unfunded benefit

liabilities and premiums in the amount of $616 million, provided that the PBGC's recovery at the

estates of Alpart Jamaica Inc., Kaiser Jamaica Corporation, Kaiser Alumina Australia

Corporation and Kaiser Finance Corporation will be limited to 32% of the net distributable

proceeds payable in the aggregate to the PBGC and holders of the 9-7/8% Senior Notes, 10-7/8%

Senior Notes and the 12-3/4% Senior Subordinated Notes issued by KACC under confirmed

plans of reorganization.

6.      Except as expressly set forth herein or in the Settlement Agreement, all

claims of the PBGC are disallowed.

*to the PBGC's proof of claim*

7.      The Law Debenture Objection is dismissed as moot.

8.     The Debtors are authorized to take all actions necessary to consummate the Settlement Agreement, and the automatic stay is modified to the extent necessary to permit the PBGC to consummate the Settlement Agreement.

Dated: ___1/ 24___ , 2005          _Judith K. Fitzgerald_
                                   UNITED STATES BANKRUPTCY JUDGE