UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Case No. 02-10429 (JKF) |
| | : | Jointly Administered |
| KAISER ALUMINUM CORPORATION, | : | |
| a Delaware corporation, et al., | : | Chapter 11 |
| | : | |
| Debtors. | : | |
| | : | |
| LAW DEBENTURE TRUST COMPANY | : | |
| OF NEW YORK, | : | |
| Appellant, | : | Civ. No. _____ |
| | : | |
| v. | : | |
| | : | |
| PENSION BENEFIT GUARANTY | : | |
| CORPORATION, et al., | : | |
| | : | |
| Appellees. | : | |
| | : | |
| LAW DEBENTURE TRUST COMPANY | : | |
| OF NEW YORK, | : | |
| Appellant, | : | Civ. No. _____ |
| | : | |
| v. | : | |
| | : | |
| KAISER ALUMINUM CORPORATION, | : | |
| a Delaware corporation, et al., | : | |
| | : | |
| Appellees. | : | |
| | : | |

**MOTION OF APPELLANT FOR AN
ORDER CONSOLIDATING THE APPEALS**

Appellant Law Debenture Trust Company of New York (the "Appellant" or "LDTC") by and through its undersigned counsel, hereby moves this court for an order

406332

(the "Motion"), pursuant to Rule 7042 of Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), which applies Rule 42 of the Federal Rules of Civil Procedure (the "Federal Rules"), consolidating (i) the appeal from the Order titled *Order Denying Law Debenture Trust Company of New York's Motion for Reconsideration of the Court's Stay of Law Debenture Trust Company of New York's Objection to Certain Proofs of Claim Filed by the Pension Benefit Guaranty Corporation* (D.I. 6006) and (ii) the appeal from the order titled *Order (a) Approving a Settlement Agreement with the Pension Benefit Guaranty Corporation and (b) Dismissing the Objection of Law Debenture Trust Company of New York to the Pension Benefit Guaranty Corporation's Proofs of Claim* (D.I. 6005) for the purposes of briefing and disposition. Consolidation is sought on the following grounds:

## BACKGROUND

1. On September 15, 2004, LDTC filed its objection (the "LDTC Claim Objection") to the PBGC Claims[1] (Docket No. 5003).

2. On October 22, 2004, the Debtors filed a motion seeking (i) approval, under Bankruptcy Rule 9019, of a purported settlement reached with the PBGC (the "Kaiser/PBGC Settlement") concerning, among other matters, the PBGC Claims, and (ii) dismissal of the LDTC Claim Objection as moot (the "PBGC Settlement Motion") (Docket No. 5251).

---

[1] Definitions set forth in the LDTC Claim Objection are hereby incorporated.

2

3.       On November 8, 2004, the Court held a hearing on the LDTC Claim Objection and the PBGC Settlement Motion. The Court decided to stay the LDTC Claim Objection until after the hearing on the PBGC Settlement Motion.

4.       On December 14, 2004, LDTC filed its motion for reconsideration of the Court's stay of the LDTC Claim Objection (the "Reconsideration Motion"). In its Reconsideration Motion, LDTC requested that the stay on the LDTC Claim Objection be lifted and that the LDTC Claim Objection be heard prior to any hearing on the Kaiser/PBGC Settlement.

5.       The hearing on the Reconsideration Motion and the Kaiser/PBGC Settlement took place on January 18, 2005.

6.       On January 24, 2005, the Court issued two rulings: one, denying reconsideration of the stay of the LDTC Claim Objection (the "Reconsideration Order"), and the second, (a) approving the Kaiser/PBGC Settlement and (b) dismissing the LDTC Claim Objection (the "Settlement Order").

7.       On February 3, 2005, the Appellant filed its Notice of Appeal AP #05-7 of Order Denying LDTC's Motion for Reconsideration of the Court's Stay of LDTC's Objection to Certain Proofs of Claim Filed by the PBGC (Docket No. 6081).

8.       Also, on February 3, 2005, the Appellant filed its Notice of Appeal AP#05-8 of Order (a) Approving a Settlement Agreement with the PBGC and (b) Dismissing the Objection of LDTC to the PBGC's Proofs of Claim (Docket No. 6083).

9.       On February 14, 2005, the Appellant filed two separate Statements of Issues on Appeal and Designations of Record – one with respect to the Reconsideration

Order (Docket No. 6156) and one with respect to the Settlement Order (Docket No. 6155).

10.     Neither the appeal of the Reconsideration Order nor the Settlement Order has yet been docketed by the District Court.

## RELIEF REQUESTED

11.     Appellants respectfully request that the appeals of the Reconsideration Order and the Settlement Order (collectively, the "Appeals") be consolidated in this Court. Consolidation is appropriate when "actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a). Each of the Appeals involves issues related to the LDTC Claim Objection and the Kaiser/PBGC Settlement, and the relationship between these two contested matters. The Appeals present overlapping factual and legal issues, involve the same parties, and share essentially the same record. Accordingly, consolidating the Appeals would substantially conserve judicial resources, promote judicial economy, and prevent the duplication of efforts that would necessarily result if the Appeals were administered separately.

12.     Lastly, consolidation would be convenient for the parties, as the Appeals involve the same primary parties – LDTC, the PBGC, and the Debtors.

## NO FILING OF BRIEF

13.     Because this Motion presents no novel issues of law, and the statutory authority relied upon by LDTC is set forth herein, LDTC is not filing a brief in support of this Motion pursuant to D. Del. LR 7.1.2. LDTC, however, reserves the right to file a

brief in reply to any objection to this Motion or as otherwise deemed necessary by LDTC in accordance with the applicable rules of this Court.

**WHEREFORE**, for the foregoing reasons, Appellant LDTC respectfully requests that this Court enter an Order consolidating the Appeals for the purpose of briefing and disposition, and granting such other and further relief as the Court deems just and proper.

Dated: February __, 2005              Respectfully submitted,

MONZACK AND MONACO, PA

By: _____
Francis A. Monaco, Jr., Esq. (#2078)
1201 N. Orange Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 656-8162
Telecopy:  (302) 656-2769


PRYOR CASHMAN SHERMAN & FLYNN LLP

Tina Niehold Moss, Esq. (#7907)
410 Park Avenue
New York, New York 10022
Telephone: (212) 421-4100
Telecopy:  (212) 326-0806